1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  SUSAN M. CARSON
   Supervising Deputy Attorney General
3  GEORGE PRINCE, State Bar No. 133877
   Deputy Attorney General
4   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
5   Telephone:  (415) 703-5749
    Fax:  (415) 703-5480
6

7  Attorneys for Defendants

8

9              IN THE UNITED STATES DISTRICT COURT

10           FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

| | |
|---|---|
| **CALIFORNIA STATE FOSTER PARENT ASSOCIATION, CALIFORNIA STATE CARE PROVIDERS ASSOCIATION, and LEGAL ADVOCATES FOR PERMANENT PARENTING,,** | C 07-5086 WHA<br><br>**REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS** |
| Plaintiffs, | Hearing:    January 10, 2008<br>Time:         8:00 a.m.<br>Courtroom: 9, 19th floor<br>Judge:       The Honorable<br>                  William H. Alsup |
| v. | |
| **JOHN A. WAGNER, Director of the California Department of Social Services, in his official capacity; MARY AULT, Deputy Director of the Children and Family services Division of the California Department of Social Services, in her official capacity,,** | |
| Defendants. | |

                              INTRODUCTION

   The opposition to defendants' motion to dismiss correctly notes that the State's only

basis for its motion is that plaintiffs have no private right of action under 42 U.S.C. section 1983

to enforce the provisions of the Child Welfare Act (Title IV-E of the Social Security Act, 42

U.S.C. sections 670-679b).  (Plaintiffs' Opposition (Opposition), p. 4:23-26.)  Plaintiffs follow

that statement with one that is less than correct as they declare that this question has already been

1  decided. (*Id.*, at pp. 4:27-5:3.)

2  While plaintiffs suggest that this Court has no choice but to follow the two decisions
3  plaintiffs cite for the proposition, that is not the case. That Judge Patel found -- in *California*
4  *Alliance of Child and Family Care Services v. Allenby*, 459 F.Supp. 919 (N.D. Cal. 2006), a case
5  brought under the same general theory as used by plaintiffs here -- that a private right of
6  enforcement of foster care maintenance payments through section 1983 *does* exist under the
7  Child Welfare Act, her decision does not bind this Court: the doctrine of stare decisis does not
8  compel one district court judge to follow the decision of another. *Starbuck v. City and County of*
9  *San Francisco*, 556 F.2d 450, 457 n. 13 (9th Cir. 1977). Similarly, the decision in a federal rules
10 decision case out of the Northern District of Georgia has no binding authority on this Court.

11 For the reasons set forth in the moving papers, and as supplemented below, there is no
12 private right of action for plaintiffs here. This Court should so find and, accordingly, grant the
13 State's motion to dismiss.

14 PLAINTIFFS HAVE NOT DEMONSTRATED A RIGHT TO
   FOSTER CARE PAYMENTS
15

16 In the substantive portion of the opposition that addresses the matter of private right of
17 action, plaintiffs aver that it is settled in the Ninth Circuit that private relief is available under
18 section 1983 for violations of the Child Welfare Act. (Opposition, p. 6:1-2.) However, the
19 authority cited for that proposition, *ASW v. Oregon*, 424 F.3d. 970 (9th Cir. 2005), turned on the
20 provisions of the "Adoption assistance program" portion of the Child Welfare Act (42 U.S.C.
21 section 673), not the "Foster care maintenance payments program" portion (42 U.S.C. section
22 672). As was discussed at footnote three of defendants' motion, *ASW* involved written
23 agreements between prospective adoptive parents and state or other agencies. This differs
24 significantly from the generalized notion of unspecified maintenance payments and absence of
25 individualized written agreements at play in the foster care payments portion of the Child
26 Welfare Act's provisions.

27 More importantly, within the Adoptive assistance program's details as to the
28 individualized agreements with adoptive parents is a specific directive that a State's approved

Reply to Opposition to Mtn. to Dismiss                California State Foster Parent Association, et al. v. Wagner
                                                                                         C 07-5086 WHA

1  plan must include provisions by which these negotiated payments to these parents are subject to

2  periodic readjustment:

> The amount of the payments to be made in any case under clauses (i) and (ii) of paragraph (1)(B) shall be determined through agreement between the adoptive parents and the State or local agency administering the program under this section, which shall take into consideration the circumstances of the adopting parents and the needs of the child being adopted, and may be readjusted periodically, with the concurrence of the adopting parents (which may be specified in the adoption assistance agreement), depending upon changes in such circumstances. However, in no case may the amount of the adoption assistance payment made under clause (ii) of paragraph (1)(B) exceed the foster care maintenance payment which would have been paid during the period if the child with respect to whom the adoption assistance payment is made had been in a foster family home.

(42 U.S.C. section 673(a)(3).)  The Foster care maintenance payments program contains no such analogous provision as to the concurrence of the foster parents, nor does it contain a specific directive as to periodic or any other readjustment of payments.  Thus, plaintiffs' attempt to conflate section 672 and 673 must be rejected.[1]

As noted in the moving papers, to sustain their claims for relief here, plaintiffs must demonstrate that they seek redress for violation of a federal *right*, not just a federal *law*. *Gonzaga University v. Doe*, 536 U.S. 273, 283 (2002).  Specifically, plaintiffs must thus show that they have rights under the Child Welfare Act.   That the statute "benefits" the plaintiff is insufficient – the provision must unambiguously create a right:

> We now reject the notion that our cases permit anything short of an unambiguously conferred right to support a cause of action brought under § 1983. Section 1983 provides a remedy only for the deprivation of "rights, privileges, or immunities secured by the Constitution and laws" of the United States. Accordingly, it is *rights*, not the broader or vaguer "benefits" or "interests" that may be enforced under the authority of that section. (Emphasis original.)

*Id.* at 283.

In short, there is no right created by the foster care maintenance payments provisions of the Child Welfare Act that allow plaintiffs to maintain a 42 U.S.C. section 1983 action for

---

1. It was also the Adoptive assistance program portion of the Child Welfare Act that was at issue in the Northern District of Georgia action on which plaintiffs partially rely here -- *Kenny A. ex rel Winn v. Perdue*, 218 F.R.D 277, 302-303 (N.D. Ga. 2003). This is yet another reason why that decision need not be followed by this Court.

vindication of it. Indeed, the foster care maintenance payments at issue here do not constitute individually enforceable "rights," but rather are benefits that flow from the essentially contractual agreement between the federal government and a state, by means of its approved plan. As such, foster care parents are not without redress, as plaintiffs contend, but have the typical remedy for state noncompliance with federally imposed conditions that the Supreme Court has said exists for such programs: "not a private cause of action for noncompliance but rather action by the Federal Government to terminate funds to the State." *Pennhurst State School and Hospital v. Halderman*, 451 U.S.1, 28 (1981).

## CONCLUSION

Plaintiffs' assertion that foster care parents have been deprived of their federal rights, privileges, and immunities under color of state law in violation of 42 U.S.C. section 1983 does not withstand scrutiny. Accordingly, for the reasons stated above, defendants Wagner and Ault respectfully request that this Court dismiss plaintiffs' complaint pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

Dated: December 27, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

SUSAN M. CARSON
Supervising Deputy Attorney General

/s/ George Prince

GEORGE PRINCE
Deputy Attorney General

Attorneys for Defendants

SF2007402761