CHILDREN'S ADVOCACY INSTITUTE
University of San Diego School of Law
Robert C. Fellmeth (CA SBN 49897)
Edward Howard (CA SBN 151936)
Christina McClurg Riehl (CA SBN 216565)
Elisa D'Angelo Weichel (CA SBN 149320)
5998 Alcala Park
San Diego, CA 92110
Telephone: 619.260.4806
Facsimile: 619.260.4753
cpil@sandiego.edu

MORRISON & FOERSTER LLP
Kimberly N. Van Voorhis (CA SBN 197486)
Marc David Peters (CA SBN 211725)
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792
KVanVoorhis@mofo.com

MORRISON & FOERSTER LLP
Steve Keane (CA SBN 247588)
12531 High Bluff Drive, Suite 100
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125

Attorneys for Plaintiffs

[Defendants and their counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| California State Foster Parent Association, California State Care Providers Association, and Legal Advocates for Permanent Parenting,<br><br>                  Plaintiffs,<br><br>      v.<br><br>JOHN A. WAGNER, Director of the California Department of Social Services, in his official capacity; MARY AULT, Deputy Director of the Children and Family Services Division of the California Department of Social Services, in her official capacity,<br><br>                  Defendants. | Case No. C 07-05086 WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><br>Date:    January 10, 2008<br>Time:   8:00 a.m.<br>Judge:  Hon. William Alsup, Courtroom 9, 19th Floor |

1       Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-10, and Judge

2  Alsup's Supplemental Order To Order Setting Initial Case Management Conference, Plaintiffs

3  California State Foster Parent Association ("CSFPA"), California State Care Providers

4  Association ("CSCPA"), and Legal Advocates for Permanent Parenting ("LAPP") (collectively

5  "Foster Parents" or "Plaintiffs") and Defendants California Department of Social Services and its

6  Division of Children and Family Services (collectively "the State" or "Defendants") submit this

7  Joint Case Management Conference Statement.

8      **1.**   <u>**Jurisdiction and Service**</u>**:**

9       All parties are subject to the Court's jurisdiction, venue is proper, and no parties remain to

10  be served.

11       Plaintiffs bring this civil action under 42 U.S.C. § 1983 and seek a declaratory judgment,

12  pursuant to 28 U.S.C. § 2201, that the basic foster care rates implemented and applied by

13  Defendants, and/or California Welfare and Institutions Code § 11461 which establishes the rates

14  of payment to foster homes on behalf of foster children, violates the Child Welfare Act and its

15  implementing regulations.  Further, Plaintiffs seek provisional and permanent injunctive relief

16  prohibiting Defendants, in their official capacities, from using the basic foster care rates to

17  establish payment rates.  Accordingly, this Court has subject matter jurisdiction pursuant to 28

18  U.S.C. § 1343(a)(3).

19      **2.**   <u>**Facts**</u>**:**

20       Plaintiffs filed this case on behalf of licensed foster parents who elect to care for abused

21  and neglected children removed from the custody of their parents by operation of state law.  The

22  Foster Parents are seeking declaratory and injunctive relief that would require the State to comply

23  with the Child Welfare Act's mandated factors in setting rates for foster care maintenance

24  payments.

25       Congress enacted the Child Welfare Act ("CWA") in 1980 to address the need for

26  providing an appropriate setting for children who are dependents or wards of the state: "foster

27  children."  Compl. ¶ 19.  The CWA establishes a cooperative federal-state program that assists

28  states in meeting the costs of providing foster care to foster children.  *Id.* ¶ 20.  Pursuant to this

1   cooperative program, the federal government and state and county governments share the cost of

2   providing funds for licensed third parties who care for these children (such as the foster parents

3   the Plaintiffs represent). *Id.* To become eligible for federal funding, the state must agree to

4   administer its foster care program pursuant to the CWA and provide foster care maintenance

5   payments to licensed foster parents such as those represented by the Plaintiffs. *Id.* ¶¶ 22-25; 42

6   U.S.C. §§ 671(a)-(b), 675(4). California has agreed to administer its foster care program pursuant

7   to the CWA, and the State has received federal funding intended to cover a portion of the foster

8   care maintenance payments. Compl. ¶ 29.

9           The State established payment levels for foster care providers, and payments are made

10  through the relevant county placement agency. *Id.* ¶ 30. At the time the Complaint was filed, the

11  monthly rates paid to licensed foster care parents, per child, were $425 for children ages 0-4,

12  $462 for children ages 5-8, $494 for children ages 9-11, $546 for children ages 12-14, and $597

13  for children ages 15-20. *Id.* ¶ 32; Cal. Wel. & Inst. Code § 11461. The Legislature passed a five

14  percent rate increase, effective January 1, 2008. With this rate increase, the monthly rates paid to

15  licensed foster care parents, per child, will be $446 for children ages 0-4, $485 for children ages

16  5-8, $519 for children ages 9-11, $573 for children ages 12-14, and $627 for children ages 15-20,

17  which the Foster Parents contend is still not sufficient to cover the necessary costs under the

18  CWA. Compl. ¶ 32.

19          Welfare and Institutions Code section 11461 requires that "[b]eginning with the 1991-92

20  fiscal year, the schedule of basic rates . . . shall be adjusted by the percentage changes in the

21  California Necessities Index . . . subject to the availability of funds." Between July 2001 and

22  2007, California did not adjust the schedule of basic rates, even though the California Necessities

23  Index (CNI) increased by 24.9 percent during that time. Compl. ¶ 34. The five percent increase

24  that is part of the new state budget will not cover the rising cost of living according to the CNI.

25          On October 12, 2007, the Foster Parents filed an Administrative Motion to consider

26  whether the present case should be related to *California Alliance of Child and Family Services v.*

27  *Allenby*, Case No. C 06-4095 MHP, pending before Judge Patel. In the motion, the Foster Parents

28  noted that the present action and the *Alliance* action are related because (1) both cases assert

1   claims against the same defendants:  the Director (or interim Director) of the California

2   Department of Social Services, in his official capacity, and the Deputy Director of the Children

3   and Family Services Division of the California Department of Social Services, in her official

4   capacity; and (2) both cases require determination of the same or substantially the same questions

5   of fact and law.  Specifically, the actions both seek (i) a judicial declaration that the Defendants'

6   failure to provide adequate foster care maintenance payments in compliance with the CWA

7   deprives Plaintiffs of their federal rights, privileges and immunities under color of state law in

8   violation of 42 U.S.C. § 1983; (ii) injunctive relief requiring that Defendants be temporarily and

9   permanently enjoined from currently and continually using the Rate Classification Level system

10  (*Alliance*) or basic foster care rates (this action) to establish foster care maintenance payments;

11  and (iii) permanent injunctive relief requiring that Defendants prepare and implement a payment

12  system that complies with the CWA.  The Foster Parents further noted that any recovery in the

13  *Alliance* action and this case will come from the same Title IV funds.  The State opposed this

14  administrative motion, as did the *Alliance* plaintiff.  The motion is still pending before Judge

15  Patel.

16       The principal factual issues in dispute in this action are:

17       1.  Whether the State's foster care payment levels cover the cost of (and cost of

18           providing) food, clothing, shelter, daily supervision, school supplies, a child's personal

19           incidentals, liability insurance with respect to a child, and reasonable travel to the

20           child's home for visitation as required by 42 U.S.C. § 675(4)(A).

21       2.  Whether the State considers actual costs spent on foster care children or whether,

22           instead, the State's foster care payment levels are based on outdated estimates.

23       3.  Whether at any time since the 1991-92 fiscal year, the State has limited the adjustment

24           of payments to foster care parents, which is otherwise statutorily tied to the percentage

25           change in the CNI, due to the "the availability of funds."  *See* Cal. Wel. & Inst. Code §

26           11461.[1]

27   _____

28   [1] The State disagrees with this specific characterization of factual dispute, but acknowledges that a factual dispute on this issue exists.

**3.    Legal Issues:**

The principal legal issues in dispute are:

1.   Whether there is a private right of action for violations of the Child Welfare Act under 42 U.S.C. § 1983.

2.   Whether the Foster Parents may seek section 1983 relief for violations of the Child Welfare Act.

3.   Whether the State's foster care payment levels are in compliance with the Child Welfare Act.

The State has not yet answered the Complaint. Therefore, additional disputed points of law may arise, and the Foster Parents reserve their right to dispute any affirmative defenses raised by the State.

**4.    Motions:**

On October 12, 2007, the Foster Parents filed an Administrative Motion to consider whether the present case should be related to *California Alliance of Child and Family Services v. Allenby*, Case No. C 06-4095 MHP, pending before Judge Patel, as described in paragraph 10 below. The State and plaintiff in that action both opposed the motion, which is still pending before Judge Patel.

On November 6, 2007, the State filed a motion to dismiss the Foster Parents' Complaint. That motion is scheduled for hearing on January 10, 2008 at 8:00 a.m. before Judge Alsup.

The parties may need to engage in discovery motion practice and each side may, if appropriate, move for summary judgment.

**5.    Amendment of Pleadings:**

The parties do not currently anticipate the need to amend the pleadings.

**6.    Evidence Preservation:**

The Foster Parents believe they have taken all reasonable steps to preserve evidence relevant to the issues reasonably evident in this action.

The State also believes it has taken all reasonable steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.    Disclosures:**

The parties will serve their initial disclosure requirements under Fed. R. Civ. P. 26(f) on or before January 3, 2008.

**8.    Discovery:**

The parties have not yet begun discovery.  The parties intend to depose percipient and expert witnesses, request documents and propound interrogatories.  The parties agree to be bound by the Federal Rules of Civil Procedure, the Northern District of California Civil Local Rules, and the "Supplemental Order To Order Setting Initial Case Management Conference In Civil Cases Before Judge Alsup."

**9.    Class Actions:**

Not applicable.

**10.    Related Cases:**

On October 12, 2007, the Foster Parents filed an Administrative Motion to consider whether the present case should be related to *California Alliance of Child and Family Services v. Allenby*, Case No. C 06-4095 MHP, pending before Judge Patel.  In the motion, Plaintiffs noted that the present action and the *Alliance* action are related because (1) both cases assert claims against the same defendants:  the Director (or interim Director) of the California Department of Social Services, in his official capacity, and the Deputy Director of the Children and Family Services Division of the California Department of Social Services, in her official capacity; and (2) both cases require determination of the same or substantially the same questions of fact and law. Specifically, the actions both seek (i) a judicial declaration that the Defendants' failure to provide adequate foster care maintenance payments in compliance with the CWA deprives Plaintiffs of their federal rights, privileges and immunities under color of state law in violation of 42 U.S.C. § 1983; (ii) injunctive relief requiring that Defendants be temporarily and permanently enjoined from currently and continually using the Rate Classification Level system (*Alliance*) or basic foster care rates (this action) to establish foster care maintenance payments; and (iii) permanent

1  injunctive relief requiring that Defendants prepare and implement a payment system that

2  complies with the CWA.

3      The Foster Parents further noted that any recovery in the *Alliance* action and this case will

4  come from the same Title IV funds.  In addition, in their opposition to the State's motion to

5  dismiss, the Foster Parents noted that the State's motion was identical to the State's motion to

6  dismiss in the *Alliance* case and that this was further evidence that the two cases should properly

7  be related.

8      The State opposed the motion to relate the two cases.  Plaintiff in the *Alliance* case also

9  opposed the motion.  Judge Patel has not yet ruled on whether to relate the cases.

10  **11.   Relief:**

11  The Foster Parents are seeking the following relief:

12      1.   That the Court declare that Defendants, and each of them, violated, continue to violate,

13          and/or will violate the Child Welfare Act by failing to pay amounts sufficient to cover

14          the costs of (and the costs of providing) food, clothing, shelter, daily supervision,

15          school supplies, a child's personal incidentals, liability insurance with respect to a

16          child, and reasonable travel to the child's home for visitation that are incurred by

17          licensed foster parents in accordance with federal and state laws and regulations;

18      2.   That the Court declare that Defendants' former, current, and continued use of the basic

19          foster care rates violated, continues to violate, and/or will violate the Plaintiffs' federal

20          rights, privileges and immunities under color of state law;

21      3.   That Defendants, and each of them, be temporarily and permanently enjoined from

22          currently and continually using the basic foster care rates to establish foster care

23          maintenance payments to licensed foster care parents;

24      4.   That Defendants, and each of them, prepare and implement a payment system that

25          complies with the Child Welfare Act by paying licensed foster parents the costs of

26          (and the costs of providing) food, clothing, shelter, daily supervision, school supplies,

27          a child's personal incidentals, liability insurance with respect to a child, and

28          reasonable travel to the child's home for visitation in an amount subject to proof and

by adjusting that amount each year by the percentage change in the California

Necessities Index;

5.  That Defendants be required to adjust payments made between the time that (1) the

Court grants provisional relief in favor of Plaintiffs and (2) Defendants, and each of

them, prepare and implement a payment system that complies with the Child Welfare

Act;

6.  That Plaintiffs be awarded the full costs of this action and reasonable attorneys' fees

pursuant to 42 U.S.C. § 1988; and

7.  That this Court award Plaintiffs such other relief as is warranted by the facts and the

law as is just under the circumstances.

**12.**  **Settlement and ADR:**

The parties intend to participate in private mediation, provided the mediation can be

conducted on a pro bono basis.  Both parties have or will file ADR certifications and the required

stipulation.

**13.**  **Consent to Magistrate Judge For All Purposes:**

The parties do not consent to have a magistrate judge conduct all further proceedings.

**14.**  **Other References:**

This case is not suitable for reference to binding arbitration, a special master, or the

Judicial Panel on Multidistrict Litigation.

**15.**  **Narrowing of Issues:**

The parties are not in a position to evaluate the possibility of narrowing issues prior to

discovery, but agree that the Legal Issues listed above may, where appropriate, be disposed of by

motion.

**16.**  **Expedited Schedule:**

The parties believe this case should proceed without delay and that a reasonably expedited

schedule as set forth below would be appropriate.

**17.  <u>Scheduling</u>:**

The parties propose to adopt the following schedule:

| EVENT | PROPOSED DATE |
|---|---|
| Rule 26 Conference of Parties (FRCP 26(f)) | Completed |
| Last day to make Initial Disclosures (Court Order) | January 3, 2008 |
| Last day to file Joint Case Management Conference Statement (Court Order) | January 3, 2008 |
| Case Management Conference (Court Order) | January 10, 2008 |
| Completion of fact discovery | June 9, 2008 |
| Last day to file motion to compel fact discovery (L.R. 26-2) | June 16, 2008 |
| Designation of experts and exchange of expert reports | July 2, 2008 |
| Designation of rebuttal experts and exchange of rebuttal expert reports | July 30, 2008 |
| Completion of expert discovery | August 8, 2008 |
| Last day to file motion to compel expert discovery (L.R. 26-2) | August 15, 2008 |
| Last day to file dispositive motions | August 29, 2008 |
| Pretrial conference | October 24, 2008 |
| Trial | November 17, 2008 |

**18.  <u>Trial</u>:**

The Foster Parents have requested a jury trial.  The parties estimate that trial will last approximately three to four days.

1    **19.  <u>Disclosure of Non-party Interested Entities or Persons</u>:**

2         The parties have each filed a Disclosure of Non-party Interested Entities or Persons.

3

4    Dated: January 2, 2008

5

6         <u>/s/ Kimberly N. Van Voorhis</u>                    <u>/s/ George Prince</u>

7    Kimberly N. Van Voorhis (CA SBN 197486)    George Prince (CA SBN 133877)
     MORRISON & FOERSTER LLP                      Deputy Attorney General
     755 Page Mill Road                           Attorney General of the State of California
8    Palo Alto, California  94304-1018            455 Golden Gate Avenue
     Telephone: 650.813.5600                      Suite 11000
9    Facsimile: 650.494.0792                      San Francisco, CA 94102-7004
     KVanVoorhis@mofo.com                         Telephone: 415.703.5749
10                                                Facsimile: 415.703.5480
     ATTORNEYS FOR PLAINTIFFS                     george.prince@doj.ca.gov
11   California State Foster Parent Association,
     California State Care Providers Association, and    ATTORNEYS FOR DEFENDANTS
12   Legal Advocates for Permanent Parenting     John A. Wagner and Mary Ault

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GENERAL ORDER 45 ATTESTATION**

I, Kimberly N. Van Voorhis, am the ECF User whose ID and password are being used to file this Joint Case Management Conference Statement.  In compliance with General Order 45, X.B., I hereby attest that George Prince has concurred in this filing.


Dated:  January 2, 2008                                   /s/ Kimberly N. Van Voorhis_____
                                                                    Kimberly N. Van Voorhis
                                                                    MORRISON & FOERSTER LLP

                                                                    ATTORNEYS FOR PLAINTIFFS
                                                                    California State Foster Parent Association,
                                                                    California State Care Providers Association, and
                                                                    Legal Advocates for Permanent Parenting

Joint Case Management Statement
Case No. C 07-05086 WHA
sd-404358