1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  SUSAN M. CARSON
   Supervising Deputy Attorney General
3  GEORGE PRINCE, State Bar No. 133877
   Deputy Attorney General
4   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
5   Telephone:  (415) 703-5749
    Fax:  (415) 703-5480
6

7  Attorneys for Defendants

8

9                    IN THE UNITED STATES DISTRICT COURT

10                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                            SAN FRANCISCO DIVISION

12

| | |
|---|---|
| 13  **CALIFORNIA STATE FOSTER PARENT ASSOCIATION, CALIFORNIA STATE CARE PROVIDERS ASSOCIATION, and LEGAL ADVOCATES FOR PERMANENT PARENTING,,**<br><br>16                                       Plaintiffs,<br><br>17               v.<br><br>18  **JOHN A. WAGNER, Director of the California Department of Social Services, in his official capacity; MARY AULT, Deputy Director of the Children and Family services Division of the California Department of Social Services, in her official capacity,,**<br><br>                                       Defendants. | C 07-5086 WHA<br><br>**DEFENDANTS' BRIEF IN RESPONSE TO JANUARY 11, 2008, ORDER RE: SUPPLEMENTAL BRIEFING ON MOTION TO DISMISS** |

23                              **INTRODUCTION**

24        On January 11, 2008, the Court issued an order directing the parties to file, by 5 p.m.

25  on January 14, 2008, supplementing briefing on three specific questions further defendants'

26  pending motion to dismiss, the hearing on which took place on January 10, 2008, at the Court's 8

27  a.m. calendar.

28        Defendants hereby respond to the Court's inquiries as follows.

COURT'S QUESTION 1:

"Are there federal regulations that address how costs are computed with respect to the term 'foster care maintenance payments?' If so, identify them and explain their significance to this case."

RESPONSE TO QUESTION 1:

There are no federal regulations that address how costs are computed with respect to the term "foster care maintenance payments." Although 42 U.S.C. section 675 (4)(A) defines this phrase and specifies the costs covered by it, and there are regulations that address what categories of costs are allowable, there are no regulations that address how to compute the rates or payment amounts to cover the costs allowed under the definition at 42 U.S.C. section 675 (4)(A).

COURT'S QUESTION 2:

"Explain the relationship between the federal definition of 'foster care maintenance payments,' the California Welfare and Institutions Code and California Necessities Index."

RESPONSE TO QUESTION 2:

There is a relationship between the federal definition of "foster care maintenance payments" and the State's Welfare and Institutions Code section 11460, which adopts some, but not all, of the wording of the federal definition at 42 U.S.C. section 675(4)(A).[1/] However, there is no relationship between the federal definition and the California Necessities Index. The

---

1. Welfare and Institutions Code section 11460, which addresses foster care and provider rates, contains text at subsection (b) stating that "'Care and supervision' includes food, clothing, shelter, daily supervision, school supplies, a child's personal incidentals, liability insurance with respect to a child, and reasonable travel to the child's home for visitation." *Id*. While this language tracks in large part (but not in its entirety) the language of 42 U.S.C. section 675(4)(A), it is noteworthy that the federal statute does not use the word "actual" to describe costs, which is further signified by the fact that there are no federal regulations addressing how costs are computed with respect to the term "foster care maintenance payments." (See response to the Court's Question One, above.)

Defendants' Supplemental Brief re: Motion to Dismiss    California State Foster Parent Association, et al. v. Wagner
C 07-5086 WHA

2

federal definition does not address the amount of the payment, it just addresses the allowable cost categories for which the payment may be used.

The California Welfare and Institutions Code is one of the state codes that, inter alia, direct the operations of state government. Portions of that code were drafted and enacted to implement the federal Adoptive Assistance and Child Welfare Act of 1980, and thereby help direct and administer the State of California's interaction with the federal government in programs eligible to receive federal funding, such as the foster care programs at issue in this lawsuit.

The State's Welfare and Institutions Code has provisions that describe how California first set the base rates for payments to foster care parents and foster care group homes so that California could participate in the federal program (see Welfare and Institutions Code 11461, as to the rates for children placed in a licensed or approved family home, and Welfare and Institutions Code section 11462, for payments to foster care group homes and public child care institutions).

Obviously, the Welfare and Institutions Code also contains subsections that recite rates for payments to foster care parents and foster care group homes – see Welfare and Institutions Code section 11461(a), which states the rates for children placed in a licensed or approved family home, and Welfare and Institutions Code section 11462(f)(1), which states the rates for children placed in group homes and public child care institutions. Also within the same codes are subsections that contemplate possible increases in the payment rates based on the California Necessities Index. See Welfare and Institutions Code section 11461(d)(1)(A), which addresses California Necessities Index-based increases as to children placed in a licensed or approved family home, and Welfare and Institutions Code section 11462(g)(2), addressing California Necessities Index-based increases for children placed in group homes and public child care institutions. However, although California does have state statutes that address the issue of costs for foster care, nothing in those statutes mandates that the state pay actual costs of foster care.

In sum, there is no functional relationship between the federal definition the California Welfare and Institutions Code, and California Necessities Index that requires California to pay

Defendants' Supplemental Brief re: Motion to Dismiss        California State Foster Parent Association, et al. v. Wagner
C 07-5086 WHA

1  the actual costs of foster care, as argued by plaintiffs. Although some of the same wording
2  contained in federal definition of "foster care maintenance payments" appears in California's
3  Welfare and Institutions Code, there is nothing in the federal or state statutes that requires "foster
4  care maintenance payments" to track the actual costs of providing the services included in that
5  definition. That definition refers to the permissible uses for the funds -- what they may be spent
6  on -- but does not dictate their amounts.

8  COURT'S QUESTION 3:
9      "Explain the significance of the phrase 'subject to the availability of funds,' as stated
10      in the California Welfare and Institutions Code § 11461(d)(1)(A).
11  RESPONSE TO QUESTION 3:
12      The phrase, "subject to the availability of funds," as stated in the California Welfare
13  and Institutions Code section 11461(d)(1)(A), means what it says: any increases in the payment
14  rates set forth in Welfare and Institutions Code 11461 (a) are subject to the availability of funds.
15  If the State Legislature does not appropriate funds to increase the rates, the State's payment rates
16  under that subsection can not be increased.

27  //
28  //

Defendants' Supplemental Brief re: Motion to Dismiss     California State Foster Parent Association, et al. v. Wagner
                                                                                       C 07-5086 WHA

**CONCLUSION**

Defendants reiterate their contention that plaintiffs' conclusory assertion that its members have been deprived of their federal rights, privileges, and immunities under color of state law in violation of 42 U.S.C. section 1983 does not withstand scrutiny. Accordingly, for the reasons stated above, in the moving and responding papers in their motion, and as stated in this Court on January 10, 2008, defendants Wagner and Ault again respectfully request that this Court dismiss plaintiffs' complaint pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

Dated: January 14, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

SUSAN M. CARSON
Supervising Deputy Attorney General


/s/ George Prince


GEORGE PRINCE
Deputy Attorney General

Attorneys for Defendants

Defendants' Supplemental Brief re: Motion to Dismiss    California State Foster Parent Association, et al. v. Wagner
C 07-5086 WHA