United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA STATE FOSTER PARENT ASSOCIATION, CALIFORNIA STATE CARE PROVIDERS ASSOCIATION, and LEGAL ADVOCATES FOR PERMANENT PARENTING,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN A. WAGNER, DIRECTOR OF THE CALIFORNIA DEPARTMENT OF SOCIAL SERVICES, IN HIS OFFICIAL CAPACITY; MARY AULT, DEPUTY DIRECTORY OF THE CHILDREN AND FAMILY SERVICES DIVISION OF THE CALIFORNIA DEPARTMENT OF SOCIAL SERVICES, IN HER OFFICIAL CAPACITY,<br><br>Defendants. | No. C 07-05086 WHA<br><br>**ORDER DENYING MOTION TO DISMISS** |

The issue is whether Section 1983 can be used to enforce a federal requirement imposed on states qualifying to receive certain federal program funds. The specific federal program at issue is the federal Child Welfare Act, Title IV-E of the Social Security Act. To qualify for federal assistance, a state must have a plan approved by the Secretary of the United States Department of Health and Human Services that "provides for" twenty-four separate features, one of which is "foster care maintenance payments." 42 U.S.C. 671(a)(1). More to the point, a provision entitled "Foster Care Maintenance Payments Program" states that "[e]ach State with a plan approved under this part *shall* make foster care maintenance payments" with respect to

particular foster children defined therein. 42 U.S.C. 672 (emphasis added). In turn, "foster care maintenance payments" are "payments to cover the cost of (and the cost of providing) food, clothing, shelter, daily supervision, school supplies, a child's personal incidentals, liability insurance with respect to a child, and reasonable travel to the child's home for visitation." 42 U.S.C. 675(4)(A).

In this case, various foster parent associations are seeking injunctive and declaratory relief against the California Department of Social Services to require it to update its payment schedule so as to more realistically cover actual costs. Foster parents serve for free but wish to recover more of their actual out-of-pocket expenditures — thus this suit.

The Act does not create a private right of action, either expressly or impliedly, so the immediate issue (on motion to dismiss) is whether Section 1983 can be used to seek injunctive and declaratory relief. The Supreme Court has addressed this "right-of-action" problem multiple times and those authorities were examined at length by our circuit in an analogous situation under a different federal funding program in *Price v. City of Stockton*, 390 F.3d 1105 (9th Cir. 2004). Although that decision declined to hold that individual rights were established merely because they were presented as mandatory features of a "plan," it did hold that a direct statutory command that "[e]ach grantee shall provide for reasonable benefits . . ." created individual entitlements. In our case, we have an analogous command in 42 U.S.C. 672. It insists that qualifying states "*shall* make foster care maintenance payments . . .with respect to a child" defined in the following subprovisions. At least with respect to this provision, *Price* seems to be closely analogous, *i.e.*, the quoted provision in 42 U.S.C. 672 can be enforced via Section 1983. Such was the exact holding in an almost identical case (involving, however, foster care institutions as plaintiffs). That decision by Judge Patel of this bench is not binding but, in light of *Price*, it is persuasive that at least 42 U.S.C. 672 may be enforced via Section 1983. *See California Alliance of Child and Family Services v. Allen by*, 459 F. Supp. 2d 919 (N.D. Cal. 2006).

Exactly what "payments to cover the cost" means will be decided later. For now, it is enough to recognize that this action may not be summarily dismissed. The motion to dismiss is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: January 22, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE