**MORRISON | FOERSTER**

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA  94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

March 13, 2008

Writer's Direct Contact
650.813.4290
DTabesh@mofo.com

Electronically Filed and Delivered by Messenger

The Honorable Judge William H. Alsup
U.S. District Court for the Northern District of California
450 Golden Gate Avenue, Courtroom 9, 19th Floor
San Francisco, CA 94102

Re:    *Cal. State Foster Parent Ass'n v. Wagner*, Case No. 3:07-cv-05086-WHA

Dear Judge Alsup:

Pursuant to ¶ 25 of the Supplemental Order to Order Setting Initial Case Management
Conference In Civil Cases Before Judge William Alsup (Nov. 1, 2007), California State Foster
Parent Association, California State Care Providers Association, and Legal Advocates for
Permanent Parenting ("Plaintiffs") respectfully submit this letter asking the Court to:

　　　1)　　compel further deposition testimony from Defendants' ("the State" or
　　　　　　"Defendants") witness, Ms. Sheilah Dupuy;

　　　2)　　compel the State to pay fees and costs associated with deposing Ms. Dupuy again;

　　　3)　　issue an order prohibiting the State's counsel from instructing witnesses not to
　　　　　　answer on grounds other than what is necessary to preserve a privilege.

This dispute arises from five instructions not to answer and multiple speaking objections made
by the State's counsel, Mr. George Prince, at the March 4, 2008 deposition of Ms. Dupuy. These
instructions and objections were made in response to my attempts to elicit Ms. Dupuy's
understanding of federal and state statutes, where she repeatedly admits in testimony and in
declarations filed in a concurrent case that it was her duty as Chief of the Foster Care Rates
Bureau ("FRCB") to implement these statutes. As explained below, Mr. Prince's instructions not
to answer and speaking objections obstructed discovery in this matter and prevented me from
pursuing these legitimate—and central—lines of questioning in this case.

The Federal Rules limit the manner in which instructions not to answer may be made during a
deposition. Rule 30(d)(1) states: "A person may instruct a deponent not to answer *only* when
necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a
motion under Rule 30(d)(4)" (emphasis added). Mr. Prince's instructions did not fit this
description.

**<u>Ms. Dupuy's Testimony and the State's Improper Objections and Instructions</u>**:

During Ms. Dupuy's deposition, I sought testimony concerning her understanding of the state
and federal statutes that govern foster care payments by Ms. Dupuy's department to foster family

**MORRISON | FOERSTER**

Judge William H. Alsup
March 13, 2008
Page Two

homes. Implementing these statutes was one of her primary duties as Chief of the FCRB. As
Ms. Dupuy states in two declarations submitted in an analogous case filed in the Northern
District of California, *California Alliance of Child and Family Services v. Cliff Allenby and Mary
Ault*, No. C 06 4095 (MHP) ("the *Alliance* case"), her duties involved:

> supervising implementation of federal and state laws relating to the
> setting of Aid to Families with Dependent Children-Foster Care
> (AFDC-FC) rates paid to eligible group homes and foster family
> agency programs . . . .

(Ex. A ¶ 2; *see also* Ex. B ¶ 2.) She further describes the responsibility of the FCRB as:

> overseeing statewide policies related to applicable Adoption
> Assistance and Child Welfare Act of 1980 (P.L. 96-272) and Title
> IV-E eligibility provisions, revisions, and maintenance of
> California's State Plan under Title IV-E . . . .

(Ex. A ¶ 2; *see also* Ex. B ¶ 2.) It is not disputed that the statutes about which I questioned (and
intended to further question) Ms. Dupuy fall within these job descriptions. Nevertheless, Mr.
Prince objected and instructed Ms. Dupuy not to answer questions related to her understanding
of relevant statutes. His speaking objections were based on several grounds, including: the
questions called for a legal conclusion; Ms. Dupuy was not present as a person most
knowledgeable of the statutes, but rather as a percipient witness; and the statutes speak for
themselves. (*See, e.g.*, Ex. C (Rough Transcript of Deposition of Sheilah Dupuy) at 55:15-22;
56:6-13; and 58:11-15.)

Initially, when I questioned Ms. Dupuy about Cal. W & I Code § 11460, Mr. Prince made his
objections and instructed Ms. Dupuy not to answer my questions. (*Id.* at 56:6-21.) I replied that
given the way Ms. Dupuy describes her duties as relating to these statutes, I am entitled to
examine her understanding of the statutes. (*Id.*) Mr. Prince agreed that Ms. Dupuy could testify
about her understanding. (*Id.*)

In further questioning, I asked: "What is your understanding of what foster care maintenance
payments are?" (*Id.* at 58:9-20.) Mr. Prince nevertheless made the same objection: "Again I'll
[interpose] the same objection as before that Ms. Dupuy can give you [her] understanding but
[she is] not here to speak for the department in an official capacity on that issue [she is here] as a
percipient witness." (*Id.*) When I further questioned Ms. Dupuy about "foster care maintenance
payments," making reference to 42 U.S.C. § 675, Mr. Prince made the same objections and again
instructed Ms. Dupuy not to answer my questions. (*Id.* at 59:3-60:12.) He even suggested that
"[we can] go around on this *if you want to seek a motion to compel then that's fine* but I'm
gonna instruct [her] not to [answer] this question it's improper." (*Id.* (emphasis added).)

Finally, when I questioned Ms. Dupuy about Cal. W & I § 11461, Mr. Prince again instructed her
not to answer, despite the fact that Ms. Dupuy testified that it had been her duty to implement
this statute. (*Id.* at 65:3-17.) At this point, given Mr. Prince's speaking objections and
instructions not to answer, as well as his admonition that a motion to compel would be necessary
to have the States' witness answer such questions, I did not seek further testimony from Ms.
Dupuy about her understanding of the statutes she was duty-bound to implement.

MORRISON | FOERSTER

Judge William H. Alsup
March 13, 2008
Page Three

Notably, Ms. Dupuy's testimony and declarations reflect a sophisticated understanding of the statutes governing foster care payments. She is obviously familiar with the statutes, and she often referred to them and her "statutorily mandated duties" in answering some of my other questions. More importantly, one of Ms. Dupuy's declarations in the *Alliance* case actually describes her department's and her interpretation of Cal. W & I Code § 11462, a statute that governs foster care payments to group homes. If Ms. Dupuy has an understanding sufficient to support the State's positions, there is no reason why her attorney should instruct her not to answer questions directed to the same and related subjects.

**Meet and Confer Between the Parties**:

In an attempt to resolve this dispute, the parties met and conferred by telephone on Monday, March 10, 2008. In that meeting, I noted to Mr. Prince that Ms. Dupuy admits it was her duty to implement the statutes about which I was questioning her. I further noted that Ms. Dupuy must have an understanding of the statutes in order to satisfy this duty. Mr. Prince responded that I am entitled to question Ms. Dupuy on *implementation* of the statutes, but I was not entitled to question her on her *understanding* of the statutes. This is a distinction without a difference. Ms. Dupuy must have some understanding of what she was duty-bound to implement. Mr. Prince then informed me that he would continue to make the same objections and instructions not to answer in the next-scheduled deposition of the State's witness, Mr. Glenn Freitas. We agreed, then, that I would submit this letter on behalf of Plaintiffs and seek the Court's guidance before moving forward with Mr. Freitas' deposition. That deposition has been tentatively rescheduled for April 11, 2008.

**Conclusion**:

Mr. Prince's speaking objections, and more significantly, his instructions not to answer, obstructed Plaintiffs from eliciting testimony from Ms. Dupuy that she was under an obligation to provide. Therefore, Plaintiffs request that the Court compel the State to offer Ms. Dupuy for further testimony concerning her understanding of the relevant statutes, how her understanding implicates her duties to implement these statutes, and any reasonable follow-up questions.

Should the Court request further input from the parties, I respectfully note that during the week of March 17-21, I will be out of town and would therefore be unable to attend a Court hearing, though another attorney from my firm would be available to do so. I am, however, available any time for a telephone conference with the Court and opposing counsel. I further note that counsel for Defendants, Mr. George Prince, has indicated to me that he will be out of town and unavailable during the week of March 24-28.

Respectfully Submitted,

Dara Tabesh
Counsel for Plaintiffs California State Foster Parent Association, et al.

cc: George Prince, Counsel for Defendants