**MORRISON | FOERSTER**

12531 HIGH BLUFF DRIVE
SUITE 100
SAN DIEGO, CALIFORNIA
92130-2040

TELEPHONE: 858.720.5100
FACSIMILE: 858.720.5125

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

June 9, 2008

Writer's Direct Contact
858.314.5474
SKeane@mofo.com

*Electronically Filed with Hard Copy Lodged in Clerk's Office*

The Honorable William H. Alsup
U.S. District Court for the Northern District of California
450 Golden Gate Avenue, Courtroom 9, 19th Floor
San Francisco, CA 94102

Re:   *California State Foster Parent Ass'n v. Wagner*, Case No. 3:07-cv-05086-WHA

Dear Judge Alsup:

Pursuant to ¶ 25 of the Supplemental Order (Doc. 13), California State Foster Parent Association, California State Care Providers Association, and Legal Advocates for Permanent Parenting ("Foster Parents") respectfully request that the Court compel Defendants Wagner and Ault ("the State") to produce six documents they are improperly withholding under the deliberative process privilege. The documents are Department of Social Services ("DSS") analyses of proposed legislative changes to basic rates paid to foster care providers. As such, they are critically relevant to the Foster Parents' claims, which are based on the State's failure to increase the rates in accordance with the Child Welfare Act.

Following a telephonic meet and confer on June 4, 2008, counsel for the State, Mr. George Prince, provided the Foster Parents with a privilege log listing six DSS analyses of proposed legislative changes to basic rates paid to foster care providers. (Attached as Ex. A.) The deliberative process privilege is claimed for each of the six documents. Mr. Prince also provided a declaration from Defendant Wagner purportedly in support of the State's claim of deliberative process privilege. (*Id.*) Notably, while Mr. Wagner concedes in his declaration that ***he has not even looked at <u>five</u> of the six documents***, he asserts the privilege over ***all six***.

**<u>The Deliberative Process Privilege Does Not Apply To The Withheld Documents</u>**

The State is improperly withholding the DSS analyses. In an email from Mr. Prince dated May 23, 2008, the State provided descriptions of each of the six documents at issue. (Ex. B.) These descriptions reveal that the deliberative process privilege cannot possibly apply. To qualify for the deliberative process privilege, "a document must be both (1) 'predecisional' or 'antecedent to the adoption of agency policy' and (2) 'deliberative,' meaning 'it must actually be related to the process by which policies are formulated.'" *Nat'l Wildlife Fed'n v. U. S. Forest Serv.*, 861 F.2d 1114, 1117 (9th Cir. 1988) (quoting *Jordan v. U. S. Dep't of Justice*, 591 F.2d 753, 774 (D.C. Cir. 1978)); *Assembly of State of Cal. v. U. S. Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992).[1] The DSS analyses are neither predecisional nor deliberative and must therefore be produced.

---

[1] The federal law of privilege applies in federal question cases, in which federal law supplies the rule of decision. *See* Fed. R. Evid. 501; *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367 n.10 (9th Cir. 1992).

sd-428690

MORRISON | FOERSTER

The Honorable William H. Alsup
June 9, 2008
Page Two

The DSS analyses of proposed legislation are not predecisional, because there is no agency decision or policy to which the analyses are antecedent. *See Maricopa Audubon Soc'y v. U. S. Forest Serv.*, 108 F.3d 1089, 1094 (9th Cir. 1997) ("[T]he agency must identify a *specific decision* to which the document is predecisional.") (emphasis added). Indeed, Mr. Wagner concedes in his declaration that "CDSS does not have decisional authority" regarding the subject matter of the DSS analyses at issue. (Ex. A ¶ 4.) Similarly, the analyses are not part of any formulation of DSS policy. *See Soto v. Concord*, 162 F.R.D. 603, 612 (N.D. Cal. 1995) ("The deliberative process privilege should be invoked only in the context of communications designed to directly contribute to the formulation of important public policy."). Thus, by the State's own admission, the withheld documents cannot be protected by the deliberative process privilege.

The documents also do not qualify as deliberative. A document is deliberative if its release "would inaccurately reflect or prematurely disclose the views of the agency, suggesting as agency position that which is as yet only a personal position. To test whether disclosure of a document is likely to adversely affect the purposes of the privilege, courts ask themselves whether the document is so candid or personal in nature that public disclosure is likely in the future to stifle honest and frank communication within the agency." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980). Based on the information provided by the State, the DSS analyses were compiled by a legislative analyst from staff input and forwarded as an official DSS recommendation to the Health and Human Services Agency. (Ex. A.) Accordingly, the documents do not "inaccurately reflect or prematurely disclose the views of the agency," because they are the *final* views of the agency. These documents are not preliminary drafts or personal opinions of one DSS staff member. They are the end product of the work of multiple staff members to create a final DSS analysis of proposed legislation. Thus, the documents do not qualify for protection as deliberative. Mr. Wagner's conclusory assertion that the documents are predecisional and deliberative is of little consequence, because, "[a]s with any privilege, the burden of establishing the application of the deliberative process privilege is on the party opposing discovery." *Newport Pac. Inc. v. San Diego*, 200 F.R.D. 628, 636 (S.D. Cal. 2001). The State has not met this burden, nor can it, particularly because Mr. Wagner has not even seen five of the six documents at issue. The six DSS documents, as described, fall well outside the narrow scope of the deliberative process privilege and must be produced.

**The Withheld Documents Are Centrally Relevant To The Foster Parents' Case**

Even if the deliberative process privilege applies to the DSS analyses, the Foster Parents are still entitled to discover these documents, because "the need for the documents outweighs the governmental interest in keeping the decision making process confidential." *Sanchez v. Johnson*, No. C-00-1593 CW (JCS), 2001 U.S. Dist. LEXIS 25233, at *22 (N.D. Cal. Nov. 19, 2001). Courts in the Ninth Circuit consider the following eight factors when balancing the need for disclosure with the need for confidentiality: (1) the relevance of the evidence; (2) the availability of the evidence from other sources, (3) the government's role in the litigation, (4) the extent to which disclosure would hinder frank discussion regarding contemplated policies and decisions, (5) the interest of the litigant and society in accurate judicial fact finding, (6) the seriousness of the litigation, (7) the presence of issues concerning alleged governmental misconduct, and (8) the federal interest in the enforcement of federal law. *N. Pacifica, LLC v. Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003). As applied to this case, each of the eight factors weighs in favor of disclosure.

sd-428690

MORRISON | FOERSTER

The Honorable William H. Alsup
June 10, 2008
Page Three

<u>First</u>, it is undisputed that the DSS analyses of proposed rate increases are centrally relevant to the Foster Parents' claims, which are based on the State's failure to pay the basic rates in accordance with the Child Welfare Act. <u>Second</u>, it is undisputed that the analyses are not available from any other source, which the *North Pacifica* court cited as "perhaps the most important factor in determining whether the deliberative process privilege should be overcome." *Id.* at 1123-24. <u>Third</u>, the fact that the State is a party to this litigation weighs in favor of disclosure. *See id.* at 1123-24; *Newport*, 200 F.R.D. at 640 ("[T]he role of the government in the litigation itself tip[s] the scales in favor of disclosure.").

<u>Fourth</u>, although Mr. Wagner asserts that disclosure of the DSS analyses would "discourage candid discussion" within the DSS, he fails to offer any explanation of why that would be the case. (Ex. A ¶ 4.). Moreover, Mr. Wagner's concerns about discouraging frank discussion can be mitigated by a protective order or by disclosure under seal. *See L.H. v. Schwarzenegger*, No. Civ. S-06-2042 LKK/GGH, 2007 U.S. Dist. LEXIS 52060, at *26 (E.D. Cal. July 6, 2007). Furthermore, "if because of this case, members of government agencies acting on behalf of the public at large are reminded that they are subject to scrutiny, a useful purpose will have been served." *Newport*, 200 F.R.D. at 640 (overruling government's assertion of the deliberative process privilege).

The remaining factors also support production of the documents. The need for accurate fact finding weighs in favor of disclosure. *See N. Pacifica*, 274 F. Supp. 2d at 1124. And "when the issues involved are alleged violations of federally-protected civil rights, courts have consistently found that this need is heightened and the [deliberative process] privilege is outweighed." *L.H.*, 2007 U.S. Dist. LEXIS 52060, at *9 (citation omitted); *see also Newport*, 200 F.R.D. at 640 (section 1983 claims serve a vital public interest).

**Conclusion**

The deliberative process privilege "must be strictly confined within the narrowest possible limits consistent with the logic of its principles." *Sanchez*, 2001 U.S. Dist. LEXIS 25233, at *23 (quotation marks omitted). The DSS analyses are <u>the most relevant</u> documents to this litigation. Denying the Foster Parents access to these documents would be an unprecedented broadening of the privilege, particularly since the State admits that the documents represent final agency positions on the subject matter that forms the basis of this litigation.

For the foregoing reasons, the Foster Parents request that the Court order the State to produce the six documents identified on the privilege log.

Respectfully Submitted,

*/s/*

Steve Keane
Counsel for Foster Parents

cc: George Prince, Counsel for Defendants

sd-428690

MORRISON | FOERSTER

The Honorable William H. Alsup
June 9, 2008
Page Four

      I, DARA TABESH, am the ECF User whose ID and password are being used to file this LETTER BRIEF TO THE HON. WILLIAM H. ALSUP.  In compliance with General Order 45, X.B., I hereby attest that Steve Keane has concurred in this filing.

      Dated:  June 10, 2008

MORRISON & FOERSTER LLP


By:    /s/  Dara Tabesh
           Dara Tabesh
     Counsel for Foster Parents

sd-428690