

*EDMUND G. BROWN JR.*  
*Attorney General*

State of California  
**DEPARTMENT OF JUSTICE**

455 GOLDEN GATE AVENUE, SUITE 11000  
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500  
Telephone: (415) 703-5749  
Facsimile: (415) 703-5480  
E-Mail: George.Prince@doj.ca.gov

*via email -- electronic filing*

June 23, 2008

The Hon. William H Alsup  
Judge of the United States District Court  
450 Golden Gate Avenue, 19th Floor  
San Francisco, CA 94102-3434

Re: California State Foster Parent Association, et al. v. Wagner  
United States District Court, Northern District of California, Case No. C-07 5086 WHA

Dear Judge Alsup:

     This letter responds to the letter to you of June 9, 2008, from Steve Keane, one of the attorneys of record for plaintiffs in the above-referenced action. In that letter Mr. Keane seeks an order from the Court compelling defendants to produce six documents he believes defendants "are improperly withholding under the deliberative process privilege." (June 9, 2008 letter from Steve Keane (Keane letter), 1st paragraph.)[1]

     Defendants believe that they have properly invoked the deliberative process privilege and, for the reasons set forth below, respectfully request that plaintiffs' request to compel production of the six documents be denied. Should the Court disagree, defendants request that the Court conduct an *in camera* review of the six documents and a provide a written decision as to why the documents are *not* subject to the deliberative process privilege prior to the issuance of any order compelling their production.

---

[1] Mr. Keane's letter notes that at the time the privilege was asserted by Department of Social Services Director John A. Wagner, Mr. Wagner had reviewed only one of the six legislative analyses as to which he claimed the deliberative process privilege. Since the date of Mr. Wagner's assertion of the privilege, by means of a declaration filed with the Court on June 3, 2008 (Document 38 in the electronic case file), the other five documents have been retrieved from the Department's archives and reviewed by Mr. Wagner. The undersigned represents to the Court and counsel that Mr. Wagner believes the deliberative process privilege also applies to the additional five legislative analyses he reviewed, for the same reasons that he averred that the privilege applied to the first of the six legislative analyses.

The Hon. William H. Alsup
June 23, 2008
Page 2

      1. The Deliberative Process Privilege.

As Mr. Keane states in his letter, "a document must be both (1) 'predecisional' or 'antecedent to the adoption of agency policy' and (2) 'deliberative,' meaning 'it must actually be related to the process by which policies are formulated.' [citations omitted]" (Keane letter, 3rd paragraph.) Notwithstanding Mr. Keane's contentions to the contrary, these legislative analyses qualify precisely for the privilege.

First, they are *predecisional and antecedent to the adoption of agency policy* -- here, the policies of the California Department of Social Services (CDSS) as set by the Governor's Office and California's Health and Human Services Agency. As Mr. Wagner's declaration states, the analyses are prepared by CDSS staff and "are part of a process by which various opinions and recommendations are directed to CDSS's Office of Legislation, where they are compiled into a single document. This document, which represents a consolidation into one recommendation, is sent to the California Health and Human Services Agency, the state agency that oversees CDSS, where it is considered by the Secretary of Health and Human Services' staff before being presented to the Governor's Office as part of the government's deliberative process." (Decl. of John A. Wagner in Support of Defendants' Claim of Privilege (Wagner Decl.), Document 38 in the Court's electronic file, p. 2:21-26.) It is only after the Governor's Office takes these opinions and recommendations under consideration that it, as the head of the State's executive branch, adopts the policies it implements through the Health and Human Services Agency and Department of Social Services. Mr. Keane's reference to Mr. Wagner's statement that CDSS itself does not have decisional authority precisely demonstrates the pre-decisional nature of the legislative analyses: they are for the use of the Governor's Office, where policies are set.

Second, the analyses are *deliberative*, in that they "reflect[] the advice, opinions, and recommendations by which government policy is processed and formulated" (Wagner Decl., p. 2:14-15) based on "analyses, recommendations, and conclusions of CDSS investigatory and legal personnel regarding proposed, enrolled, and chaptered bills that are introduced into the State legislature." (*Id.*, lines 11-13.) A document is deliberative if it contains "opinions, recommendations, or advice about ... policies [or decisions]." *(North Pacifica, LLC v. City of Pacifica*, 274 F.Supp.2d 1118, 1121-1122 (N.D.Cal. 2003) (ellipses and brackets in original), citing *FTC v. Warner Communications*, 742 F.2d 1156, 1161 (9th Cir. 1984).)

In short, these legislative analyses fit the requirements for deliberative process privilege just as perfectly as Cinderella's foot fit the glass slipper.

      2. Relevancy of the Documents.

Mr. Keane next argues that even if the deliberative process privilege applies to these documents his clients are entitled to discover them because the need for the documents outweighs the governmental interest in keeping the decision making process confidential." (Keane letter, 6th paragraph, citing a discovery finding from *Sanchez v. Johnson*.) The *Sanchez* opinion involved a Budget Change Proposal, which is a fact-based document setting forth the

The Hon. William H. Alsup
June 23, 2008
Page 3

reasons that a budget item needs to be altered and is thus distinguishable from legislative analyses that involve opinions, recommendations, and advice – not "facts" as such. More importantly, foster care family rates are set by statute, not by the CDSS, Health and Human Services Agency, or the Governor's Office. Plaintiffs will be able to develop all the "facts" they need to demonstrate that the rates paid as set are insufficient; they do not need CDSS's legislative analyses for such a purpose, and, indeed, given the fact that California's legislature branch of government -- not its executive branch – sets the rates, nothing that CDSS produces can have any relevance to plaintiffs' contentions. Accordingly, Mr. Keane's arguments as to relevancy should be rejected.

     3.  *In Camera* Review.

Although defendants believe that the deliberative process privilege applies to these legislative analyses, defendants request that the Court should conduct an *in camera* review of the six documents and a provide a written decision as to why the documents are *not* subject to the deliberative process privilege prior to the issuance of any order compelling their production.

     4.  Conclusion.

Mr. Wagner thanks the Court for its consideration of their position on the deliberative process privilege, and respectfully submits that his assertion of the privilege be sustained.

                        Sincerely,

                        /s/ George Prince

                        GEORGE PRINCE
                        Deputy Attorney General

              For    EDMUND G. BROWN JR.
                      Attorney General

cc: Steve Keane, *via email*