

*EDMUND G. BROWN JR.*  *State of California*
*Attorney General*  *DEPARTMENT OF JUSTICE*

---

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-5749
Facsimile: (415) 703-5480
E-Mail: George.Prince@doj.ca.gov

*via hand delivery to clerk's office*

July 1, 2008

The Hon. William H Alsup
Judge of the United States District Court
450 Golden Gate Avenue, 19th Floor
San Francisco, CA 94102-3434

Re:   California State Foster Parent Association, et al. v. Wagner
      United States District Court, Northern District of California, Case No. C-07 5086 WHA

Dear Judge Alsup:

      This letter follows the hearing held in your courtroom on June 24, 2008, which followed the submission of the letter briefs of June 23, 2008, from the undersigned, and of June 9, 2008, from Steve Keane, one of the attorneys of record for plaintiffs in the above-referenced action. The focus of the hearing and the letter briefs was plaintiffs' request for an order from the Court compelling defendants to produce six documents[1] they believe defendants "are improperly withholding under the deliberative process privilege." (June 9, 2008 letter from Steve Keane (Keane letter), 1st paragraph.)

      As previously stated, defendants believe that they have properly invoked the deliberative process privilege and, for the reasons set forth below and the reasons stated previously in the June 23rd letter and in court on June 24th, respectfully renew their position that plaintiffs' request to compel production of the six documents be denied. Should the Court disagree, defendants request that the Court conduct an *in camera* review of the six documents and a provide a written decision as to why the documents are *not* subject to the deliberative process privilege prior to the issuance of any order compelling their production.

Federal Courts' Consideration of State Documents as to the Deliberative Process Privilege

      At the June 24th hearing, you asked if there were authority for the proposition that federal courts could apply the deliberative process privilege in actions were a State's documents were those being sought. At least three opinions from two separate cases make clear that federal

---

[1] Copies of the six legislative analyses were provided to the Court on June 24, 2008, with a cover memorandum. A copy of the cover memorandum, without the enclosures, was also provided to opposing counsel, via email.

The Hon. William H. Alsup
July 1, 2008
Page 2

courts *can* and *do* consider and apply that privilege with respect to states' documents.

One of these cases involves two separate decisions. That case is *Allen v. Woodford*, 543 F.Supp.2d 1138 (E.D.Cal.,2008). There, a California State prisoner brought a civil rights action under 42 U.S.C. section 1983 against various state and prison officials, a physician, and a hospital, alleging that her constitutional rights were violated when officials permitted the physician and the hospital to perform improper, medically unnecessary, and invasive surgery without her authorization; she also asserted claims for professional negligence, civil battery, intentional misrepresentation and intentional infliction of emotional distress.

The prisoner moved to compel production of documents requested through subpoenas directed to non-parties -- various California state custodians of records and other California state administrators who had documents plaintiff believed germane to her case. United States Magistrate Judge Gary S. Austin granted plaintiff's motion, holding that (1) Eleventh Amendment immunity did not bar compliance with subpoenas directed to non-parties, and (2) state sovereign immunity did not bar compliance with subpoenas directed to non-parties. *Allen v. Woodford*, 543 F.Supp.2d 1138, 1138.

In an earlier slip opinion in that same action, then-United States Magistrate Judge Lawrence J. O'Neill discussed the deliberative process privilege -- essentially as it has been described and briefed in the instant case -- but noted: "There is at least one applicable exception to the deliberative process. Where there is reason to believe the documents may shed light on government misconduct, the privilege is routinely denied; shielding government deliberations in this context does not satisfy the policy embodied by the privilege. *In re Sealed Case*, 121 F.3d at 738; *Alexander v. F.B.I.* (D.D.C.2000) 193 F.R.D. 1, 10 (deliberative process privilege not available where White House obtained FBI files in violation of Privacy Act.); Jones and Rosen, *Fed.Civ.Trials & Ev.*, CH. 8H, §§ 8:4136 (The Rutter Group 2006)." *Allen v. Woodford*, Slip Copy, 2007 WL 309945 (E.D.Cal.,2007), at p 4.

Although Judge O'Neill found that the deliberative process privilege did not apply to the documents at issue in *Allen v. Woodford*, that was so in part because the deliberations there were not related to policy formulation -- as they certainly are in our case, as the declaration of Patricia Huston (electronically filed along with this letter) explains. As Judge O'Neill noted, "The deliberations [in *Allen*] involved one doctor, the care he provided, the risks imposed and the contract for his services. The deliberations was an employment type decision, not policy formulation." (*Id.*, at p. 5.) Further, Judge O'Neill wrote, "the plaintiffs [sic] challenge the exact government conduct involved in the decision to use/continue use of [the one doctor's] medical services. This an exception to the deliberative process privilege where the documents may shed light on the government misconduct." (*Id.*)

Notwithstanding the analysis in the *Allen* decisions, the instant case is entirely distinguishable from *Allen*, as it (1) does not involve damages, as Allen did, (2) turns on policy deliberations, not personnel decisions, and (3) can not, reasonably, be said to contain any component of government misconduct: it does not follow that plaintiffs's disagreement with the

The Hon. William H. Alsup
July 1, 2008
Page 3

State's policies converts those policies into products of misconduct.  Rather, plaintiffs' request for documents in this case seeks documents reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated, which is just what the privilege is designed to protect.

In addition to the *Allen* opinions, in *Lawrence E. Jaffe Pension Plan v. Household International, Inc., et al.*, 239 F.R.D. 508 (N.D.Ill.,2006), the question of State's documents being subject to the privilege was at issue.  *Jaffe* involved a securities fraud class action against a lender, in which plaintiffs moved for the production of documents from state agencies that supervised lender's consumer lending branches.  All told, the defendants there contacted various state agencies in some 45 different states where they did business to determine whether the states would agree to the production of documents.  The court ruled that some states' assertions of the deliberated process privilege should be sustained and some states'assertions not, but, obviously, there was no issue that the raising of the issue by the states was appropriate.  (*See id.* at 514-517.)

Conclusion.

Mr. Wagner thanks the Court for its consideration of his position on the deliberative process privilege, and again respectfully submits that his assertion of the privilege be sustained.

          Sincerely,

          /s/ George Prince

          GEORGE PRINCE
          Deputy Attorney General

For    EDMUND G. BROWN JR.
          Attorney General

cc: Steve Keane, *via email*