EDMUND G. BROWN JR.
Attorney General of the State of California
SUSAN M. CARSON
Supervising Deputy Attorney General
GEORGE PRINCE, State Bar No. 133877
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5749
 Fax:  (415) 703-5480

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CALIFORNIA STATE FOSTER PARENT ASSOCIATION, CALIFORNIA STATE CARE PROVIDERS ASSOCIATION, and LEGAL ADVOCATES FOR PERMANENT PARENTING,**<br><br>Plaintiffs,<br><br>v.<br><br>**JOHN A. WAGNER, Director of the California Department of Social Services, in his official capacity; MARY AULT, Deputy Director of the Children and Family services Division of the California Department of Social Services, in her official capacity,**<br><br>Defendants. | C 07-5086 WHA<br><br>**ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

   Defendants John A. Wagner, in his official capacity as Director of the California Department of Social Services, and Greg Rose, in his official capacity as Acting Deputy Director of the Children and Family Services Division of the California Department of Social Services, (collectively, Defendants), through their counsel, answer plaintiffs' complaint as follows:

   1. Defendants will not address the five paragraphs of plaintiffs' "Preliminary Statement" as these are all in the nature of a precatory statement.

   2. Defendants have no present information or belief as to the truth of the matters asserted in the paragraphs 1-10 of the complaint and on that basis deny their contents.

   3. Defendants admit the contents of paragraph 11.

4. Defendants admit, generally, the contents of paragraph 12 of the complaint, except that Mary Ault is no longer deputy director; that post is held by Acting Deputy Director Greg Rose.

5. Defendants admit that plaintiffs seek the relief described in paragraph 13 of the complaint, and that the court has subject matter jurisdiction as to the relief sought by plaintiffs, but otherwise deny the characterizations of the paragraph.

6. Defendants admit the contents of paragraphs 14-17 of the complaint.

7. Defendants admit that plaintiffs state that they purport to incorporate paragraphs 1-17 as stated.

8. Defendants admit, generally, the allegations regarding the Child Welfare Act set forth in paragraphs 18-24 of the complaint, but aver that the provisions of the Child Welfare Act and its implementing regulations speak for themselves and are not defined by plaintiffs' characterization of them.

9. Defendants admit, generally, the contents of paragraph 25 of the complaint, aver that the provisions of the Child Welfare Act and its implementing regulations speak for themselves and are not defined by plaintiffs' characterization of them, and lack current information or belief as to the truth of the matter asserted in the phrase "such as those represented by plaintiffs" and on that basis deny the contents of that phrase.

10. Defendants admit, generally, the allegations regarding the Child Welfare Act set forth in paragraphs 26-33 of the complaint, but aver that the provisions of the Child Welfare Act and its implementing regulations speak for themselves and are not defined by plaintiffs' characterization of them.

11. Defendants admit the first sentence of paragraph 34 of the complaint, but have no present information or belief as to the truth of the remaining matters asserted in that paragraph and on that basis deny its contents.

12. Defendants deny the contents of paragraphs 35-37 of the complaint.

13. Defendants have no present information or belief as to the truth of the matters asserted in paragraphs 38-40 of the complaint and on that basis deny their contents.

14. Defendants have no present information or belief as to the truth of the matters asserted in paragraphs 41 and 42 of the complaint, and on that basis deny their contents, but further aver that the documents plaintiffs mention, if accurately quoted, speak for themselves and are not defined by plaintiffs' characterization of them.

15. Defendants have no present information or belief as to the truth of the matters asserted in paragraphs 43-45 of the complaint and on that basis deny their contents.

16. Defendants deny the contents of paragraphs 46-52 of the complaint.

17. As to paragraphs 53-55 of the complaint, Defendants incorporate by reference their responses as set forth in paragraphs 1-52 of this answer, deny the contents of paragraphs 53-55 of the complaint, deny that plaintiffs have stated a valid cause of action or 42 U.S.C. section 1983 or otherwise, and specifically deny that plaintiffs are entitled to any declaratory relief as requested therein or otherwise.

18. As to paragraphs 56-58 of the complaint, Defendants incorporate by reference their responses as set forth in paragraphs 1-55 of this answer, deny the contents of paragraphs 56-58 of the complaint, deny that plaintiffs have stated a valid cause of action on any basis as to the Child Welfare Act, and specifically deny that plaintiffs are entitled to any permanent or other injunctive relief as requested therein or otherwise.

19. As to plaintiffs' Prayer for Relief, and subparagraphs "1" through "7" therein, Defendants incorporate by reference their responses as set forth in paragraphs 1 through 19 of this answer, and specifically deny that plaintiffs are entitled to any relief as prayed for or otherwise.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state facts sufficient to constitute any claim upon which relief can be granted against Defendants.

2. Defendants did not deprive plaintiffs of any rights or privileges guaranteed by the Constitution or laws of the United States.

3. The complaint does not present a case or controversy.

4. The complaint is not ripe for adjudication by this Court.

Answer to Complaint for Declaratory and Injunctive Relief    California State Foster Parent Association, et al. v. Wagner
C 07-5086 WHA

3

5. The Court should abstain from hearing and deciding this action.

6. The Complaint is moot.

7. The complaint is barred in that the relief sought substantially would require the Defendants to alter, fundamentally, substantial portions of California's services and programs.

8. The complaint is barred in that the relief sought would place an undue burden or hardship on the State and requires modifications to programs and services which are unreasonable.

9. To the extent the Complaint seeks relief in excess of that allowed by federal law, it is barred as inconsistent with federal law.

10. Plaintiffs have failed to exhaust their other available remedies.

11. California has a comprehensive system or plan which is effectively providing appropriate services to plaintiffs.

12. The relief requested in the complaint is barred based upon the separation of powers doctrine.

14. Defendants, as officials of state departments acting solely in their official capacities administering reasonably within the scope of their official duties and in good faith the multitude of activities conducted by their agencies, are immune from suit under 42 U.S.C. § 1983.

15. To the extent the complaint alleges violations of law, those alleged violations are not the result of the conduct or omissions of the Defendants, nor can those alleged violations be attributed to Defendants.

16. The complaint is barred by the Tenth Amendment to the Constitution of the United States.

17. The complaint is barred by the Eleventh Amendment to the Constitution of the United States.

18. Defendants have not waived their sovereign immunity.

19. The complaint is barred in that the relief sought would inappropriately mandate the manner in which state officials allocate public funds in relation to existing programs

1  and services.

2  20. The complaint is barred in that the relief sought would inappropriately
3  require Defendants to allocate resources, a political judgment, outside the purview of the court's
4  authority.

5  21. The complaint is barred since plaintiffs inappropriately seek to predicate their
6  claims on Defendants' allegedly improper allocation of public funds.

7  22. Defendants' investigation into the issues raised in the complaint is at the
8  preliminary stages, and therefore Defendants reserve the right to amend their Answer to add
9  further affirmative defenses when they are discovered.

10  WHEREFORE, Defendants pray that:

11  1. Judgment be rendered in favor of Defendants and against plaintiffs;

12  2. Plaintiffs take nothing by their complaint;

13  3. Defendants be awarded their costs of suit incurred herein; and

14  4. Defendants be awarded such other and further relief as the court may deem
15  necessary and proper.

16  Dated: July 1, 2008

17  Respectfully submitted,

18  EDMUND G. BROWN JR.
Attorney General of the State of California

20  SUSAN M. CARSON
Supervising Deputy Attorney General

21  /s/ George Prince

23  GEORGE PRINCE
Deputy Attorney General

24  Attorneys for Defendants

Answer to Complaint for Declaratory and Injunctive Relief    California State Foster Parent Association, et al. v. Wagner
C 07-5086 WHA

5