

**EDMUND G. BROWN JR.**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA  94102-7004

Public:  (415) 703-5500
Telephone:  (415) 703-5749
Facsimile:  (415) 703-5480
E-Mail:  George.Prince@doj.ca.gov

*electronically filed, w/ hand delivery of copy to clerk's office*

July 10, 2008

The Hon. William H Alsup
Judge of the United States District Court
450 Golden Gate Avenue, 19th Floor
San Francisco, CA  94102-3434

Re:    California State Foster Parent Association, et al. v. Wagner
        <u>United States District Court, Northern District of California, Case No. C-07 5086 WHA</u>

Dear Judge Alsup:

        In response to my letter to you of July 1, 2008 -- prepared following the hearing held in your courtroom on June 24, 2008 – plaintiffs' counsel submitted a letter dated July 8, 2008, to which this letter relies.

        In his July 8th letter,  Mr. Keane, reiterates plaintiffs' contentions that the legislative analyses at issue here (copies of which have been provided to the Court for its *in camera* review) are neither predecisional nor deliberative, and hence not subject to the deliberative process privilege.  Mr. Keane further states that should the Court find the documents to be subject to the privilege, they should be produced notwithstanding the privilege because "the need for this discovery clearly outweighs the State's desire to keep it a secret."  (July 8, 2008 letter from Steve Keane (Keane letter), 8st paragraph, at p. 3.)

        1.  The Deliberative Process Privilege.

        In support of its position, and as the Court directed at the June 24th hearing, the California Department of Social Services (CDSS) submitted a declaration from Patricia Huston, Deputy Director, Office of Legislation.  (Document 48-2 in the electronic docket.)

        Ms. Huston's explanation of why the analyses are prepared (paragraphs 3-8 of her declaration, generally) details their predecisional nature: after their preparation, the analyses go from CDSS to the head of the executive branch of our State's government: "The Governor's Office then reviews the bill analysis and approves the recommended position (CDSS's position, or the [Health and Human Services] Agency's position, if there was disagreement) or decides upon a different one. Whatever the Governor's Office decides becomes CDSS's official position."  (Declaration of Patricia Huston in Support of Defendants' Claim of Deliberative Process Privilege (Huston Decl.), ¶ 10.)

The Hon. William H. Alsup
July 10, 2008
Page 2

The "deliberative" nature of the analyses is obvious from the fact that they are used by the Agency and, ultimately, the Governor's office, in formulating policy. As Mr. Keane's letter notes: "To test whether disclosure of a document is likely to adversely affect the purposes of the privilege, courts ask themselves whether the document is ***so candid or personal in nature*** that public disclosure is likely to in the future to stifle honest and frank communications within the agency." (Keane letter, 5th paragraph, at p. 2, emphasis Mr. Keane's.) Thus, Mr. Keane tacitly concedes, as Ms. Huston's declaration avers in its paragraphs 17 and 18, that the candid exchange of views in the analyses would be "severely curtailed if their contents were subject to public scrutiny during the deliberative process ***or thereafter***." (Huston Decl.), ¶ 18, emphasis added.) Thus, it cannot be gainsaid that the privilege does not apply here.

    2.  The Privilege Should Be Sustained.

    As noted above, Mr. Keane also contends that the privilege, if found to apply, should not be allowed to prevent the disclosure of the legislative analyses. Not so.

    "In deciding whether the qualified deliberative process privilege should be overcome, a court may consider the following factors: (1) the relevance of the evidence; (2) the availability of other evidence, (3) the government's role in the litigation, and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions. *See id.* Other factors that a court may consider include: (5) the interest of the litigant, and ultimately society, in accurate judicial fact finding, (6) the seriousness of the litigation and the issues involved, (7) the presence of issues concerning alleged governmental misconduct, and (8) the federal interest in the enforcement of federal law." *North Pacifica, LLC v. City of Pacifica*, 274 F.Supp.2d 1118, 1122 (N.D.Cal. 2003), citations omitted.

    Factor-by-factor, these militate against disclosure. First, the impressions and views of CDSS staff are not relevant to this action, given that the Governor and Legislature are the final decisionmakers as to foster care rates. Second, other evidence here is legion. Third, the government is defending this action, not prosecuting it, and thus entitled to keep its internal, pre-decisional deliberations under the privilege for them. The fourth factor has been addressed above in the references to Ms. Huston's declaration. Sixth, accurate fact finding does not turn on the impressions and views of CDSS staff, given the legislative nature of the rate-setting process. Seventh, there is not, nor can there be, any allegation of government misconduct in this action. Finally, the federal interest in the enforcement of federal law does not turn on the impressions and views of CDSS staff. There is simply no basis in any of these factors to support a decision to order disclosure of the documents.

    In short, the deliberative process privilege, recognized in federal common law,[1] is

_____

    [1] Section 501 of the Evidence Code provides in pertinent part: "[T]he privilege of a witness, person, government, State, or political subdivision thereof hall be governed by the principles of common law as they may be interpreted by the courts of the United States . . . ." The deliberative process privilege is recognized in federal common law and codified as

The Hon. William H. Alsup
July 10, 2008
Page 3

intended to protect the quality and integrity of agency decisions. *National Labor Relations Board v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 (1975).   This is certainly the situation at bar.

      3.  Conclusion.

      Mr. Wagner thanks the Court for its consideration of his position on the deliberative process privilege, and again respectfully submits that his assertion of the privilege be sustained.

                Sincerely,

                /s/ George Prince

                GEORGE PRINCE
                Deputy Attorney General

          For    EDMUND G. BROWN JR.
                Attorney General

cc: Steve Keane, *via email*

---

Exemption 5 of the Freedom of Information Act, 5 U.S.C. § 552(b)(5).  Exemption 5 provides: "This section does not apply to matters that are . . . inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency . . . ."