United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CALIFORNIA STATE FOSTER PARENT
ASSOCIATION, CALIFORNIA STATE CARE
PROVIDERS ASSOCIATION, and LEGAL
ADVOCATES FOR PERMANENT
PARENTING,

        Plaintiffs,

   v.

JOHN A. WAGNER, Director of the California
Department of Social Services, in his official
capacity; MARY AULT, Deputy Director fo the
Children and Family Services Division of the
California Department of Social Services, in her
official capacity,

        Defendants.

No. C 07-05086 WHA

**ORDER RE MOTION
FOR ATTORNEY'S FEES
AND COSTS**

An October 2008 order granted in part and denied in part plaintiffs' motion for summary

judgment and denied defendants' motion for summary judgment, and a December 2008 order

denied defendants' motion for reconsideration thereof. On December 19, plaintiffs filed a

motion for attorney's fees. After receiving briefing thereon, an order dated February 6, 2009

indicated that plaintiffs were the prevailing party in the action — a proposition defendants did

not contest — and set forth a procedure for determining the appropriate fee award. The order

explained as follows (Dkt. No. 124, ¶¶ 10–11):

> 10. With the benefit of both sides' filings,
> representatives of the parties with final decision authority shall
> meet in person and confer to try to resolve all differences as to the
> amount. If no agreement is reached, the moving party must file
> and serve a declaration showing full compliance with this
> paragraph, explaining when, where and who met, their decision

1    authority, how long they met, what documents were reviewed
2    together, and the principal points of disagreement.  This must be
     done within **28 CALENDAR DAYS** of the filing of movant's detailed
3    declaration.
             11.    If no agreement is reached, a special master shall
4    be appointed.  If the parties cannot agree on a special master, then
     the Court shall select a special master.  The parties must so advise
5    the Court on this within **28 CALENDAR DAYS** of the filing of
     movant's detailed declaration.

6    Thereafter, plaintiffs filed a renewed "Declaration of Kimberly N. Van Voorhis in

7    Support of Motion for Attorney's Fees."  The declaration itemized requested fees in an amount

8    slightly lower than plaintiffs' previous fee request — $814,116.25, down from $1,093,363.75.

9    Defendants filed an opposition thereto arguing, *inter alia*, that because plaintiffs' motion for

10   summary judgment was granted only in part, the fee award must be reduced accordingly.

11   Neither side indicates that they met and conferred regarding the fee request.  Nor do the

12   parties indicate that they have agreed upon a special master, or indeed, that they have discussed

13   such an appointment.  In accordance with Paragraphs 10–11 of the February 2009 order, the

14   parties are directed to meet and confer to try to resolve their differences regarding the fee

15   amount and, if their differences on the subject are irreconcilable, to agree upon the appointment

16   of a special master.  The two sides should submit a joint response indicating the results of the

17   effort by **MARCH 23, 2009**.  If the parties are unable to agree on a special master, they must so

18   advise the Court in their filing and the Court shall select a special master.

19

20   **IT IS SO ORDERED.**

21

22   Dated:  March 9, 2009.
                                         _____
23                                       WILLIAM ALSUP
                                         UNITED STATES DISTRICT JUDGE

24

25

26

27

28

2