United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CALIFORNIA STATE FOSTER PARENT ASSOCIATION, CALIFORNIA STATE CARE PROVIDERS ASSOCIATION, and LEGAL ADVOCATES FOR PERMANENT PARENTING,

Plaintiffs,

v.

JOHN A. WAGNER, Director of the California Department of Social Services, in his official capacity; GREG ROSE, Deputy Director of the Children and Family services Division of the California Department of Social Services, in his official capacity,

Defendants.
_______________________________________/

No. C 07-05086 WHA

**ORDER RE ATTORNEY'S FEES**

In this civil rights action, the parties filed competing cross-motions for summary judgment on September 11, 2008. The Court denied defendants' motion for summary judgment, and granted in part and denied in part plaintiffs' motion for summary judgment. In particular, the Court granted plaintiffs' motion insofar as plaintiffs argued that defendants were in violation of the Child Welfare Act, but denied it insofar as plaintiffs asserted that defendants must be in exact compliance with its particular measure of child welfare maintenance payments. The Court determined that its order effectively ended the case, which has not been disputed.

Plaintiffs subsequently filed a motion for attorney's fees pursuant to 42 U.S.C. 1988, where they originally sought $1,093,363.75. This Court issued an order dated February 6, 2009, setting forth a procedure for determining the appropriate fee award. It noted that whether plaintiffs are entitled to fees was not in dispute and that the only matter in dispute was the amount of fees to which plaintiffs are entitled. The parties submitted further filings but failed to meet and confer, as required, and therefore the Court ordered the partied to do so and submit a joint response informing the Court of the result.

The parties complied with the subsequent order. The joint response indicated that the parties were unable to reach an agreement on the appropriate fees and that each party would agree to a special master appointed by the Court. The parties also requested "that, to the extent possible, the Court appoint a special master that requires no fee or only a nominal fee" (Joint Rprt. 3). It also noted that it is not in dispute that plaintiffs were a prevailing party in the action.

The main source of disagreement is straightforward. Defendants contend that plaintiffs have prevailed on half of their requested relief and, accordingly, should have their fee requests halved, generally, exclusive of other specific reductions in the requests noted in their opposition. Plaintiffs contend that they are entitled to all reported fees because their claims for relief involve a common core of facts and are based on a single set of legal theories, and that they should therefore be deemed the prevailing party on the entire underlying Section 1983 dispute.

Under Supreme Court precedent, the proper amount of time to be compensated in an award for attorney's fees must be "reasonable in relation to the success achieved." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). It is an abuse of discretion for the district court to award attorney's fees without considering the relationship between the "extent of success" and the amount of the fee award. *Farrar v. Hobby*, 113 S.Ct. 566, 575 (1992). This order disagrees that the amount of fees awarded should be exactly halved simply because plaintiffs only obtained relief on half their claims, but some deductions should be made regarding work done by plaintiffs for claims that did not ultimately bear fruit.

United States District Court
For the Northern District of California

This order hereby appoints Marc Bernstein, of the Bernstein Law Group, 555 Montgomery St., Suite 1650, San Francisco, CA, 94111, (415) 765-6633, as the special master. His fees shall be paid by the parties, to be allocated by the Court with the input of counsel and the special master's recommendation. Counsel shall submit a proposed form of reference within **SEVEN CALENDAR DAYS**.

**IT IS SO ORDERED.**

Dated: May 14, 2009.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE